IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRICKTOWN SPRINGHILL SUITES,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-16-960-D |
| ) | |
| CHAMBERLIN OKLHOMA, LLC ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

The Court has reviewed the Complaint and has found insufficient factual allegations to establish the existence of subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332, as asserted.[2] The Complaint identifies the plaintiff as "Bricktown Springhill Suites;" this entity is not otherwise described, nor is its form of organization identified. The Complaint indicates the entity is acting through an "authorized representative, Kamal Patel," who has signed the pleading in his own name. *See* Compl. [Doc. No. 1], pp.1, 8. Perhaps the entity is a sole proprietorship owned by Mr. Patel, but this fact is not stated. The Complaint fails to allege any facts from which the citizenship of any business entity or Mr. Patel can be determined.

---

[1] Consistent with Fed. R. Civ. P. 10(a), the Court utilizes the caption that appears on the Complaint, although the entity named as Plaintiff is insufficiently described, as discussed *infra*.

[2] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co*., 459 F.3d 1044, 1048 (10th Cir. 2006); *see Arbaugh v. Y&H Corp*., 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

IT IS THEREFORE ORDERED that the appropriate plaintiff shall file an amended pleading to allege the existence of diversity jurisdiction not later than September 2, 2016.[3]

IT IS SO ORDERED this 26th day of August, 2016.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The Court also notes that a party who is not a natural person may not appear *pro se* or without counsel. *See* LCvR17.1; *see also Tal v. Hogan*, 453 F.3d 1244, 1255 (10th Cir. 2006). If this case is to proceed with a business entity as the named plaintiff, the pleading must be signed by counsel, who must enter an appearance consistent with LCvR83.4.